United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CEMENT MASONS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> E. GREEN CONSTRUCTION, INC., dba EG CONSTRUCTION; EZRA PHILLIP GREEN, <br><br> Defendants. | No. C 06-6047 CRB <br><br> **ORDER GRANTING DEFAULT JUDGMENT** |

Now before the Court is plaintiffs' motion for default judgment. Neither defendant Ezra Phillip Green nor defendant E. Green Construction, Inc. dba EG Construction have answered the complaint or otherwise communicated with the Court. After carefully considering the papers filed by the plaintiffs, the Court concludes that oral argument is unnecessary, see Local Rule 7-1(b), and GRANTS the plaintiffs' motion for default judgment as to E. Green Construction, Inc. and Ezra Phillip Green.

## BACKGROUND

Plaintiffs filed this ERISA action to recover unpaid contributions to an ERISA plan, as well as liquidated damages, interest, and attorneys fees and costs and a mandatory injunction. Defendants Ezra Phillip Green and E. Green Construction Inc. were served with

the Complaint on or around October 9, 2006, but they failed to answer or otherwise communicate with the Court. The Clerk of the Court entered default against each defendant on December 27, 2006. Plaintiffs now move for a default judgment against defendants jointly and severally in the total amount of $45,942.66. They seek an award of unpaid contributions from April, May, and July 2005 in the amount of $13,251.46; liquidated damages in the amount of $5,402.74 for those unpaid contributions; interest on the unpaid contributions in the amount of $5,402.74; interest for late payments made in December 2003, January through December 2004, January through May, and July 2005 in the amount of $12,493.79; liquidated damages for the unpaid interest in the amount of $4,200; and attorneys' fees and costs in the amount of $5,191.93.

## DISCUSSION

ERISA provides that

> [e]very employer who is obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. ERISA also authorizes an award of interest on delinquent and unpaid contributions, as well as liquidated damages and attorneys fees and costs in an action for collection of contributions. See 29 U.S.C. § 1132(g). In the Ninth Circuit, to qualify for an award of statutory liquidated damages, unpaid contributions must exist at the time the lawsuit was filed. See Idaho Plumbers & Pipe Fitters Health and Welfare Fund v. United Mechanical Contractors, Inc., 875 F.2d 212, 215 (9th Cir. 1989).

As is set forth above, when plaintiffs filed this lawsuit contributions were overdue for April, May, and July 2005; thus, plaintiffs are entitled to an award of statutory liquidated damages on those overdue amounts. Moreover, while E. Green Construction, Inc. is the actual signatory to the documents obligating E Green Construction, Inc. to pay amounts to the plaintiff trust funds, plaintiffs have established as a matter of law that Green--the President, and Chief Executive Officer, and Responsible Manager of E. Green Construction, and the person who signed the Trust Agreements on behalf of E. Green Construction-- is considered an employer and ERISA fiduciary for purposes of ERISA liability.

The declarations and exhibits filed by plaintiffs establish that defendants owe plaintiffs a sum certain, as is set forth above. The Court will therefore grant plaintiffs' motion for default judgment in the amount sought by plaintiffs and issue the injunctive relief ordering defendants to submit to an audit of their books.

## CONCLUSION

The Court GRANTS plaintiffs' motion for a default judgment in the total amount of $45,942.66. In addition, the Court will issue a judgment requiring defendants to permit a Trust Fund auditor to come onto defendants' premises and to submit to an audit of their financial records for the period from February 25, 2003 through April 30, 2007.

**IT IS SO ORDERED.**

Dated: July 12, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2006\6047\orderredefault.wpd        3